2012 ME 10

**Christine S. ANGELL**

v.

**Renald C. HALLEE.**

Supreme Judicial Court of Maine.

Argued: Sept. 13, 2011.
Decided: Jan. 31, 2012.

Sumner H. Lipman, Esq., and Keith R. Varner, Esq. (orally), Lipman, Katz & McKee, P.A., Augusta, for appellant Christine S. Angell.

Peter J. DeTroy, Esq., Russell B. Pierce, Jr., Esq. (orally), and Darya I. Haag, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellee Renald C. Hallee.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Christine S. Angell appeals the entry in the Superior Court (Cumberland County, *Cole, J.*) of a judgment on the pleadings in favor of Renald C. Hallee. Angell alleges that Hallee sexually abused her during her childhood, while he was a priest at St. John's Parish in Bangor in the 1970s. Angell argues that the court erred in imposing a burden on her to allege and prove that the statute of limitations was tolled. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] On a motion for judgment on the pleadings, we review the facts in the light most favorable to the nonmoving party, in this case Angell. *See Tornesello v. Tisdale*, 2008 ME 84, ¶ 2, 948 A.2d 1244. Angell was born in 1961. She alleges that Hallee's abuse occurred from approximately 1970 to 1973, when she was between about eight and twelve years old. Angell filed her complaint on March 25, 2010, including claims against Hallee for negligence, sexual assault and battery, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, clergy malpractice, and breach of fiduciary duty. She brought a claim against both Hallee and the Roman Catholic Bishop of Portland for fraudulent concealment and sought punitive damages from both defendants.

[¶ 3] Hallee and the Bishop asserted the statute of limitations as an affirmative defense and moved for judgment on the pleadings. Angell opposed the motions based in part on the tolling of the limitations period during Hallee's absence from and residency outside Maine. Hallee's answer admits he is a resident of Massachusetts. Angell argues that she should be permitted discovery to determine whether and for what periods Hallee was absent

from Maine and resided out of state after the cause of action accrued against him. Neither party submitted an affidavit in support of or opposition to the motion for judgment on the pleadings; the trial court decided the issue solely on the pleadings.

[¶ 4] The court granted Hallee's and the Bishop's motions and entered judgment in their favor on all counts. Angell timely appealed. The parties later entered into a stipulation dismissing the Bishop with prejudice from the underlying action and the appeal.

## II. DISCUSSION

[¶ 5] There are two issues raised by this appeal: (1) whether a limitations period is tolled pursuant to 14 M.R.S. § 866 (2011) while a defendant is absent from and resides out of state but is nevertheless amenable to service of process by means other than publication, and (2) which party has the burden of proof with respect to whether the limitations period has been tolled and the procedural issues associated with the burden of proof. We review de novo the trial court's decision regarding the interpretation of the tolling statute. *See Baker v. Farrand,* 2011 ME 91, ¶ 21, 26 A.3d 806.

[¶ 6] Currently there is no limitation on actions based on sexual acts toward minors; the statute provides that "[a]ctions based upon sexual acts toward minors may be commenced at any time." 14 M.R.S. § 752–C (2011). However, at the time the alleged conduct occurred, from 1970–73, Angell's claims were governed by a two-year statute of limitations applicable to assault and battery. 14 M.R.S.A. § 753 (1965);[1] *see Harkness v. Fitzgerald,* 1997

ME 207, ¶¶ 2, 4 n. 1, 701 A.2d 370. The cause of action was tolled until Angell's eighteenth birthday in 1979. *See* 14 M.R.S.A. § 853 (1965);[2] 1 M.R.S. § 72(11–A) (2011); *Harkness,* 1997 ME 207, ¶ 4 n. 1, 701 A.2d 370. Therefore, in the absence of tolling, Angell's last day for commencing the action would have been on her birthday in 1981. 1 M.R.S. § 72(11–A); 14 M.R.S.A. §§ 753, 853; *Tesseo v. Brown,* 1998 ME 155, ¶¶ 5–7, 712 A.2d 1059.

[¶ 7] Starting in 1985, the Legislature amended the statute of limitations several times, extending and eventually eliminating the limitations period for claims involving sexual acts toward minors. 14 M.R.S. § 752–C; P.L.1985, ch. 343, § 1 (effective Sept. 19, 1985) (enacting a six-year limitations period on claims based on sexual acts toward minors); P.L.1989, ch. 292 (effective Sept. 30, 1989) (adding a three-year discovery period); P.L.1991, ch. 551, § 1 (effective Oct. 9, 1991) (extending the limitations period to twelve years and the discovery period to six years for claims not barred by the previous statute of limitations); P.L.1999, ch. 639, § 1 (effective Aug. 11, 2000) (eliminating the limitations period altogether for claims not barred by the previous statute of limitations). Therefore, if Angell's claims were tolled from the date in 1981 when they would have expired to the date in 2000 when the limitations period was eliminated, or at least during the periods between those dates when without tolling the claims would no longer have been viable, Angell's claim is not barred even though she did not file or serve it on Hallee until 2010.

---

1. Title 14 M.R.S.A. § 753 (1965) has since been amended, but not in any way that affects this appeal. P.L.1985, ch. 804, § 1 (effective Aug. 1, 1988) (codified at 14 M.R.S. § 753 (2011)).

2. Title 14 M.R.S.A. § 853 (1965) has since been amended to make it applicable to actions brought pursuant to 14 M.R.S. § 752–C (2011). P.L.1985, ch. 343, § 2 (effective Sept. 19, 1985) (codified at 14 M.R.S. § 853 (2011)).

[¶ 8] The purpose of a finite limitations period is "to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims." *Dowling v. Salewski*, 2007 ME 78, ¶ 11, 926 A.2d 193 (quotation marks omitted). The tolling statute is intended to prevent abuse of the statute of limitations by defendants who, in the absence of the tolling statute, could leave the state for the duration of the limitations period, then return and assert the statute of limitations as a defense to an action. *Connolly v. Serunian*, 138 Me. 80, 82–83, 21 A.2d 830 (1941). The tolling statute states in relevant part: "If a person is absent from and resides out of the State, after a cause of action has accrued against him, the time of his absence from the State shall not be taken as a part of the time limited for the commencement of the action." 14 M.R.S. § 866. We have held that "mere absence is not sufficient and . . . must be accompanied by the establishment of a residence outside of the state." *Patten v. Milam (Patten I)*, 468 A.2d 620, 622 (Me.1983).

[¶ 9] In a majority of jurisdictions, a state's tolling statute is not applied to any stretches of time within the limitations period when the plaintiff with reasonable effort could have found and served the defendant even though the defendant was absent from and resided outside the state. *See Patten v. Milam (Patten II)*, 480 A.2d 774, 777 (Me.1984); Kenneth J. Rampino, Annotation, *Tolling of Statute of Limitations During Absence From State as Affected by Fact That Party Claiming Benefit of Limitations Remained Subject to Service During Absence or Nonresidence*, 55 A.L.R.3d 1158, 1163–64 (1974). We have not previously had to decide whether to adopt this interpretation of the tolling statute. In *Patten II* we held that

the long-arm statute then in effect, 14 M.R.S.A. § 704–A (1980),[3] did not render the tolling statute inapplicable when the only reasonable means of service was by publication. 480 A.2d at 777. We noted that "[t]here is a substantial body of law in other jurisdictions which supports the proposition that notwithstanding a defendant's absence from the state, the limitations period is not tolled if he remains amenable to service of process under modern long-arm extensions of *in personam* jurisdiction." *Id.* (quotation marks omitted). We left open the possibility that the limitations period may not be tolled if other forms of service are available to the plaintiff. *Id.* We now adopt the majority rule and interpret the tolling statute as follows: 14 M.R.S. § 866 does not operate to toll the limitations period for any portion of the period during which the plaintiff could, through reasonable effort, find and serve the defendant by any means other than publication. *See Patten II*, 480 A.2d at 777; *Siegemund v. Shapland*, 307 F.Supp.2d 113, 116 (D.Me.2004).

[¶ 10] The defendant has the burden of proving the affirmative defense that the statute of limitations bars the action and therefore must prove facts affecting the tolling of the limitations period such as whether and when the plaintiff, with reasonable effort, could have effected service. *See Patten II*, 480 A.2d at 776. The plaintiff does not have the burden to allege facts in the complaint in anticipation that the defendant will assert a defense based on the statute of limitations. *See id.* In *Patten II*, we noted that "the allocation of the burden of proof on the issue of tolling assumes substantial significance" when the record is scant:

---

**3.** Title 14 M.R.S.A. § 704–A (1980) has since been amended but not in any way that affects this appeal. P.L.1995, ch. 694, § D–14 (effec-

tive Oct. 1, 1997) (codified at 14 M.R.S. § 704–A (2011)).

The issue presented in this case is: who has the burden of proof when the issue of tolling has been generated by the plaintiff in response to a facial attack on the complaint? We conclude that, once generated, the burden of proof remains on the defendant to support all aspects of his affirmative defense. It is [the] defendant's burden in this case to prove that in spite of his absence from the state, the statute did not toll.

. . . .

The issue of tolling involves inquiry into a defendant's residence and changes in residence over a period of time. The relevant facts are peculiarly within the knowledge of the defendant, and considerations of fairness and convenience strongly support placing the burden of proof on the defendant once the issue has been generated. Once the plaintiff made a showing of the absence of [the] defendant from the state, the burden was on [the] defendant to prove that in spite of his absence the statute did not toll.

*Id.*

[¶ 11] Just as the plaintiff, in her complaint, does not have an initial burden to rebut a prospective statute of limitations defense, a defendant asserting that the statute of limitations has run does not have an initial burden of rebutting any potential claim of tolling. Once the defendant has successfully raised the statute of limitations defense, the plaintiff must make a prima facie showing of facts that would support the tolling. Here, the plaintiff has done that by alleging that Hallee was not in Maine during the operative times. Thus, the burden moves to Hallee to demonstrate either (1) that he was in Maine (we note that he does not dispute her allegations that he was out of Maine), or (2) that Angell could have located him with reasonable effort and had him served.

[¶ 12] The procedural posture of this case is different from *Patten I*, 468 A.2d at 621–22, and *Patten II*, 480 A.2d at 775–76, but the burden nevertheless remains with the defendant here as it did in the *Patten* cases. In the *Patten* cases, the plaintiff generated the issue of tolling by submitting an affidavit in opposition to the defendant's motion to dismiss. *Patten I*, 468 A.2d at 621. When matters outside the pleadings are presented, the court must treat the motion as one for summary judgment pursuant to M.R. Civ. P. 56. Likewise, we have held that a motion for judgment on the pleadings based on the affirmative defense that the statute of limitations bars the action is "a facial challenge to the timeliness of plaintiff's complaint," properly considered under M.R. Civ. P. 12(b). *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700 (Me.1987) (quotation marks omitted). However, if there are "facts not appearing in the complaint that toll the statute," the motion is treated as a motion for summary judgment under M.R. Civ. P. 56. *Id.* at 700–01.

[¶ 13] In this case, Angell alleged in the complaint and Hallee admitted in his answer that he currently resides in Massachusetts, but neither party has submitted an affidavit in support of or opposition to Hallee's motion for judgment on the pleadings. Had Hallee filed an affidavit alleging that during the relevant times between 1981 and 2000 he was amenable to service, recognizing his burden of persuasion on the issue, Angell could have responded with her own information, or with a request for discovery on that limited issue. Such a request would have been appropriate pursuant to M.R. Civ. P. 56(f), which states that a party opposing summary judgment must be allowed adequate opportunity to conduct discovery or otherwise develop evidence in opposition to the summary judgment motion. *S. Portland Police Patrol Ass'n v. City of S. Portland,*

2006 ME 55, ¶¶ 11–12, 896 A.2d 960. Hallee refused to be deposed without a court order in advance of the court's decision on the motion for judgment, so Angell has not had the opportunity to discover facts that bear upon the statute of limitations and tolling. This case is at the pleadings stage. Once the parties have had discovery on issues pertaining to the statute of limitations defense and tolling, either party may present the issue in a motion for summary judgment pursuant to M.R. Civ. P. 56, if appropriate.

The judgment is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.