MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 108
Docket:      Ken-15-281
Argued:      May 4, 2016
Decided:     July 12, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ESTATE OF DENNIS R. KAY

v.

ESTATE OF DOUGLAS J. WIGGINS et al.

SAUFLEY, C.J.

[¶1]  On an icy morning in December 2011, Dennis Kay died when a van he was driving, owned by Budget Truck Rental, LLC, slid off of the road in Gardiner. Kay was driving the vehicle in the course of his employment with Douglas Wiggins, d/b/a Option Rentals.  The Estate of Dennis R. Kay brought the present wrongful death action against both the Estate of Douglas J. Wiggins[1] and Budget Truck.  The court (Kennebec County, *Murphy, J.*) granted summary judgment for both Wiggins and Budget Truck, determining that the undisputed facts demonstrated that Kay's claim was barred by the exclusivity provisions of the Workers' Compensation Act and that Budget Truck did not proximately cause Kay's injuries.  Kay appealed to us.  We affirm the judgments.

---

[1]  The complaint was filed against Wiggins's estate because Wiggins died before the action was initiated.

## I. BACKGROUND

[¶2] Viewed "in the light most favorable to the party against whom the summary judgment has been granted," the following facts are drawn from the statements of material facts and are undisputed unless expressly stated otherwise. *Budge v. Town of Millinocket*, 2012 ME 122, ¶¶ 2-3, 12, 55 A.3d 484 (quotation marks omitted).

[¶3] Douglas Wiggins owned and ran a rent-to-own furniture business known as Option Rentals. Dennis Kay began working for Option Rentals in 2008. Wiggins referred to himself as Kay's "boss." Kay was present at Option Rentals almost daily and was given a variety of tasks to complete.

[¶4] Option Rentals had an oral agreement with Budget Truck Rental, LLC to "transfer" Budget Truck vehicles from place to place in exchange for payment. Wiggins regularly directed Kay, as part of Kay's duties, to transport Budget Truck vehicles during a transfer. Budget Truck paid Option Rentals for the transfer of vehicles, and Option Rentals paid Kay in cash. Budget Truck would send Option Rentals a list of vehicles needing to be transferred, and Option Rentals would relay the information to Kay. Wiggins and Kay would organize the details of the transfer together.

[¶5] On the evening of December 30, 2011, Kay was supposed to complete a Budget Truck transfer that he had begun on December 28 in order to get paid for

the work done thus far. Kay told Wiggins that he felt uncomfortable making the transfer in the inclement weather. Wiggins replied that if the transfer did not occur that evening, it would need to occur in the morning on December 31. On the morning of December 31, Kay began the trip to transport the Budget vehicle. He was driving a Budget Truck van when it slid off the road due to "glare ice." Kay was ejected from the vehicle and died as a result of the accident. Wiggins died of unrelated causes in 2013.

[¶6] Eighteen months after the accident, on July 8, 2013, the Estate of Dennis R. Kay filed a complaint against the Estate of Douglas J. Wiggins and Budget Truck Rental, LLC. The amended complaint alleges (1) wrongful death caused by Douglas Wiggins; (2) wrongful death caused by Budget Truck; and (3) punitive damages.[2] The complaint alleged that "Dennis Kay was an employee of Douglas Wiggins d/b/a Option Rentals" and referred to Kay as an "employee" of Wiggins throughout.

[¶7] On October 14, 2014, Wiggins filed a motion to dismiss the complaint as barred by the Workers' Compensation Act. Wiggins filed with the motion (1) two affidavits of an employee of Maine Employers' Mutual Insurance

---

[2] Because we affirm the court's grant of summary judgment, we do not address Kay's argument that the Probate Code allows recovery of punitive damages. *See* 18-A M.R.S. § 3-818 (2015) ("In any tort action against the personal representative of a decedent's estate, in his representative capacity, the plaintiff can recover only the value of the goods taken or damage actually sustained.").

Company, who attested that Wiggins had a State-accepted workers' compensation insurance policy; (2) a copy of the declarations page of the workers' compensation insurance policy; and (3) a printout of the Maine Workers' Compensation Board electronic verification of coverage. In response to the motion to dismiss, Kay continued to argue that he was an employee of Wiggins, but he asserted that the evidence offered to support the motion to dismiss was insufficient to show that the policy would provide workers' compensation coverage. On October 30, 2014, Budget Truck filed a motion for summary judgment, alleging that there was no genuine dispute of material fact as to whether Budget Truck (1) breached a duty owed to Kay; (2) proximately caused Kay's death; or (3) was vicariously liable for Kay's death.

[¶8] After a hearing, the court ruled on Wiggins's and Budget Truck's motions in two separate judgments. Concerning Wiggins's motion to dismiss, it noted that the motion relied on attached affidavits and exhibits, and thus treated the motion as a motion for summary judgment. *See* M.R. Civ. P. 12(b); *Libner v. Me. Cty. Commrs' Ass'n*, 2004 ME 39, ¶ 7, 845 A.2d 570. It concluded that there was no genuine issue of material fact that Wiggins had obtained worker's compensation insurance sufficient to invoke the immunity and exclusivity provisions of the Workers' Compensation Act, and because Kay had argued exclusively that he was an employee, not an independent contractor, Wiggins was entitled to summary

judgment on this basis. The court separately granted Budget Truck's motion for summary judgment on the ground that there was no genuine issue of material fact regarding proximate cause. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

[¶9] When documents outside the pleadings are presented and not excluded by the trial court in its consideration of a motion to dismiss, the motion is treated as a motion for summary judgment. *Angell v. Hallee*, 2012 ME 10, ¶ 12, 36 A.3d 922. "We review the grant of a motion for summary judgment de novo," viewing the evidence "in the light most favorable to the party against whom the summary judgment has been granted in order to determine if there is a genuine issue of material fact." *Budge*, 2012 ME 122, ¶ 12, 55 A.3d 484 (quotation marks omitted). If there is no genuine dispute of material fact, judgment may be entered as a matter of law. *See Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733.

### B. Kay's Claim Against Wiggins

[¶10] An employer who has secured the payment of workers' compensation for its employees is exempt from civil actions for death resulting from injuries sustained by an employee arising out of and in the course of employment. 39-A M.R.S. §§ 104, 403(1) (2015); *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 6, 881 A.2d 1138. Specifically, the statute provides that to

6

achieve compliance, an employer can secure compensation and other benefits to its employees "in one or more of the ways described" in 39-A M.R.S. § 403 (2015).[3] "An employer with a currently approved workers' compensation policy . . . is deemed to be in compliance with this Act until the expiration or cancellation date of the current assent based on the policy or plan." 39-A M.R.S. § 407 (2015). If an employer is exempt from civil actions due to compliance with the Workers' Compensation Act, an employee's only remedy is to pursue a claim for workers' compensation benefits. *See Beverage v. Cumberland Farms Northern, Inc.*, 502 A.2d 486, 487-88 (Me. 1985).

[¶11] When a motion to dismiss is based on an affirmative defense, the movant has the burden of proving the affirmative defense. *See Angell*, 2012 ME 10, ¶ 12, 36 A.3d 922. Once facts supporting the affirmative defense have been presented, the burden shifts to the non-moving party to make a prima facie showing of facts that would rebut the affirmative defense to survive the motion to dismiss. *See id.* ¶ 11.

[¶12] Wiggins provided competent evidence—two affidavits of an employee of Maine Employers' Mutual Insurance Company, a copy of the declarations page of a workers' compensation insurance policy, and the Maine

---

[3] This section was modified in 2015 in a way that does not affect this appeal. *See* P.L. 2015, ch. 59, § 1 (codified at 39-A M.R.S. § 403 (2015)).

Workers' Compensation Board electronic verification of coverage—with his motion to dismiss as proof that Wiggins had workers' compensation insurance, accepted by the State of Maine Workers' Compensation Board, at the time of Kay's accident. Kay failed to rebut this evidence. Moreover, Kay presented no facts contradicting the existence or applicability of that coverage. Kay consistently argued to the trial court that he was an employee of Wiggins, not an independent contractor.[4] Thus, the court did not err in entering summary judgment for Wiggins on the ground that Kay's claim against Wiggins in tort was barred by the Workers' Compensation Act.

C.  Kay's Claim Against Budget Truck

[¶13]  Kay argues that Budget Truck is vicariously liable for Wiggins's actions because Budget Truck had control over Wiggins. He also argues, however, that the Workers' Compensation Act's exclusivity provision does not apply to Budget Truck because Wiggins was an independent contractor of Budget Truck.

[¶14]  We need not determine the exact nature of the relationship between Wiggins and Budget Truck to affirm the court's grant of summary judgment. In

---

[4]  Kay now argues that under notice pleading principles, the court erred in granting summary judgment on the basis of the Workers' Compensation Act because his complaint gave sufficient notice of the alternative argument that he was an independent contractor of Wiggins, and he can recover in tort on this basis. Not only did Kay's complaint fail to state facts that would show that he was an independent contractor, he also explicitly argued that he was an employee to the trial court throughout the proceedings. Because this appeal is the first time that Kay argues that he was an independent contractor of Wiggins, he cannot proceed on this basis. *See Conrad v. Swan*, 2008 ME 2, ¶ 16, 940 A.2d 1070.

8

asserting that Budget Truck is vicariously liable for Kay's death, Kay's estate places Budget Truck in the same position as Wiggins—Kay's employer—and any claim against Budget Truck would be barred by the Workers' Compensation Act. *See Beverage*, 502 A.2d at 487-88. If instead Budget Truck lacked sufficient control over Wiggins to assert the Workers' Compensation defense, on this record, Kay has failed to present facts in support of a claim that Budget Truck owed a separate duty to Kay. *See Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 8, 969 A.2d 935 (stating that to survive summary judgment, the party has the burden "to establish a prima facie case for each element of [its] cause of action for negligence"); *Trusiani v. Cumberland & York Distribs., Inc.*, 538 A.2d 258, 261 (Me. 1988). Thus, the court did not err in granting summary judgment for Budget Truck.[5]

The entry is:

Judgment affirmed.

---

[5] Because we affirm the grant of summary judgment for Budget Truck on the bases of the Workers' Compensation Act and duty, we need not address the parties' arguments regarding whether Wiggins was a proximate cause of Kay's death. *See Estate of Smith v. Cumberland Cty.*, 2013 ME 13, ¶ 22, 60 A.3d 759 (stating that a grant of summary judgment may nonetheless be affirmed on appeal if we determine, "as a matter of law, that there is another valid basis for the judgment"); *Wanless v. Winner's Corp.*, 341 S.E.2d 250, 250-52 (Ga. Ct. App. 1986) (upholding a grant of summary judgment on the basis of proximate cause when an employee's infant died in an auto collision after her employer ordered her to come to work even though she voiced her concern about traveling in inclement weather because, under the circumstances of the case, "[t]he conduct of defendant could have done nothing more than give rise to the occasion which made plaintiff's injuries possible. Other circumstances preponderated in causing plaintiff's injuries.").

**On the briefs:**

> Caleb J. Gannon, Esq., and Sumner H. Lipman, Esq., Lipman & Katz, P.A., Augusta, for appellant Estate of Dennis R. Kay
>
> Michael E. Saucier, Esq., and Brendan O'Rourke, Esq., Thompson & Bowie, Portland, for appellee Budget Truck Rental, LLC
>
> Elizabeth A. Germani, Esq., Germani Martemucci & Hill, Portland, for appellee Estate of Douglas J. Wiggins

**At oral argument:**

> Caleb J. Gannon, Esq., for appellant Estate of Dennis R. Kay
>
> Brendan O'Rourke, Esq., for appellee Budget Truck Rental, LLC
>
> Elizabeth A. Germani, Esq., for appellee Estate of Douglas J. Wiggins

Kennebec County Superior Court docket number CV-2013-166
FOR CLERK REFERENCE ONLY