MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 126
Docket:      Cum-16-457
Submitted
  On Briefs:  May 25, 2017
Decided:     June 22, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ACADIA RESOURCES, INC.

v.

VMS, LLC, et al.


SAUFLEY, C.J.

[¶1]   Acadia Resources, Inc., appeals from a judgment of the District Court (Portland, *Woodman, J.*) dismissing its fraudulent transfer complaint as having been filed outside the applicable statute of limitations.  Because we agree with Acadia that the court should have treated the motion to dismiss filed by VMS, LLC, and VEI, LLC, as a motion for summary judgment, we vacate the judgment and remand the matter for further proceedings.

[¶2]   In April 2016, Acadia filed a complaint against VMS and VEI alleging the following facts.  Acadia agreed to lend VMS money through a line of credit on or about August 3, 2006.  In November 2008, VMS defaulted on the agreement by failing to pay amounts due, which remain unpaid.  After the default, on April 21, 2010, VMS executed a deed to VEI of real property located

2

on Middle Road in Falmouth.  The deed was recorded eight months later, on December 21, 2010.

[¶3]  Acadia's complaint alleged that the transfer of real property from VMS to VEI violated the Uniform Fraudulent Transfer Act, 14 M.R.S. §§ 3575, 3576 (2016).  VMS and VEI moved to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6) on the ground that the applicable six-year statute of limitations began to run on April 21, 2010, and therefore expired on April 21, 2016—one day before the date that the docket record indicates Acadia's complaint was filed.  *See* 14 M.R.S. § 3580 (2016).

[¶4]  Acadia objected to the motion and argued, among other things, that the motion to dismiss should be treated as a motion for summary judgment because extrinsic evidence showed that the complaint was filed on April 21, 2016, not April 22, 2016, as docketed.  Acadia's attorney attached an affidavit from her paralegal averring that she had sent the complaint to the clerk's office by overnight mail on April 20, 2016, and the paralegal included as an exhibit to that affidavit a FedEx receipt showing that a clerk had signed for the parcel containing the complaint and filing fee on the morning of April 21, 2016.

[¶5]  Without hearing further from the parties, the court granted the motion to dismiss the complaint with prejudice.  Acadia appealed from the judgment of dismissal.  *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2.

[¶6]  When a party has moved to dismiss a complaint for failure to state a claim upon which relief can be granted, but "matters outside the pleading are presented to and not excluded by the court," the court must treat the motion "as one for summary judgment."  M.R. Civ. P. 12(b); *see Estate of Kay v. Estate of Wiggins*, 2016 ME 108, ¶ 9, 143 A.3d 1290; *Angell v. Hallee*, 2012 ME 10, ¶ 12, 36 A.3d 922.  When a motion to dismiss is converted to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  M.R. Civ. P. 12(b); *see Beaucage v. City of Rockland*, 2000 ME 184, ¶ 5, 760 A.2d 1054.

[¶7]  Here, Acadia's submission of extrinsic evidence in the form of an affidavit with exhibits, including a FedEx receipt, converted the motion to dismiss to a motion for summary judgment, *cf. Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 11, 843 A.2d 43, and the court erred in failing to proceed with the summary judgment process, *see* M.R. Civ. P. 12(b), 56.

Accordingly, we vacate the judgment of dismissal and remand for further proceedings.[1]

The entry is:

> Judgment dismissing the complaint vacated.
> Remanded for further proceedings.

---

Allison A. Economy, Esq., Rudman Winchell, Bangor, for appellant Acadia Resources, Inc.

Thomas L. Douglas, Esq., Douglas McDaniel Campo & Schools LLC, PA, Westbrook, for appellees VMS, LLC, and VEI, LLC

Portland District Court docket number RE-2016-9
FOR CLERK REFERENCE ONLY

---

[1] Acadia also argues on appeal that the statute of limitations did not begin to run until December 21, 2010, when the deed from VMS to VEI was recorded in the registry of deeds, citing to 14 M.R.S. § 3577(1)(A) (2016) and 33 M.R.S. § 201 (2016). Acadia may raise that and any other pertinent issues for the motion court's full consideration on remand.