STATE OF MAINE                                  BUSINESS AND CONSUMER COURT
CUMBERLAND, ss.                                 DOCKET NO. BCD-CV-2019-12


CRAIG A. WHITAKER and LAURA O.    )
GILL,                             )
                                  )
      Plaintiffs,                 )
                                  )         ORDER CONTINUING DEFENDANT'S
      v.                          )         SUMMARY JUDGMENT MOTION
                                  )         UNTIL THE END OF THE
EVERLAST ROOFING, INC.,           )         DISCOVERY PERIOD
                                  )
      Defendant.                  )
                                  )
                                  )

This matter comes before the Court on Defendant Everlast Roofing, Inc.'s ("Everlast")
motion for summary judgment. Everlast moves for summary judgment pursuant to M.R. Civ. P.
56(c) on all five counts of Plaintiff Whitaker and Gill's (collectively, "Plaintiffs") December 10,
2018 complaint (the "Complaint"). Plaintiffs oppose the motion and argue, among other things,
that the Court should delay judgment on Everlast's motion until the close of the discovery period.
For the reasons briefly discussed below, the Court will delay judgment on Everlast's motion until
the close of the discovery period or, in the alternative, until the parties stipulate to having had
adequate discovery to resolve the motion.

This case is still in its early phase.  As mentioned above, the Complaint was filed on
December 10, 2018.  The Court issued its Scheduling Order on April 8, 2019. Based on the
agreement of the parties, the Scheduling Order sets the Discovery Deadline for October 15, 2019,
and the Dispositive Motion Deadline for November 15, 2019.  The Scheduling Order contemplates
a Rule 134(b) conference being scheduled for a date to be determined in October 2019.  The case
is not scheduled for trial until April 2020.

1

Although discovery had just begun, on April 29, 2019, Everlast filed its Motion for Summary Judgment. Everlast did not file the 14 day notice required by M.R. Civ. P. 134(b), and therefore prior to filing its Motion, Everlast did not give the Court the opportunity to convene a conference to discuss the nature and the timing of the Motion.

Unsurprisingly, Plaintiffs responded to the Motion in part based on Rule 56(f). In their response, Plaintiffs argued in part that Everlast failed to provide discovery necessary for them to adequately oppose the motion. Specifically, Plaintiffs argued that Everlast had not provided them with the applicable warranty documentation for the products at issue, and that Everlast failed to provide information relating to the coils that Plaintiffs argue is important to his position. Everlast claims to have since provided the documentation, but there may yet be discoverable information that applies to interpretation of the documentation or evaluation of the claims and defenses.

"M.R. Civ. P. 56(f) . . . states that a party opposing summary judgment must be allowed adequate opportunity to conduct discovery or otherwise develop evidence in opposition to the summary judgment motion." *Angel v. Hallee*, 2012 ME 10, ¶ 13, 36 A.3d 992. In this case, Plaintiffs have been diligent in conducting discovery, and have provided a plausible basis for requesting time to conduct ongoing discovery before the Court rules on Everlast's Motion. *See Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 22, 814 A.2d 449 (reviewing factors helpful in evaluating a Rule 56(f) request).

Accordingly, for the aforementioned reasons, the Court will delay judgment on Everlast's motion until the end of the discovery period on October 15, 2019, or, in the alternative, until the parties stipulate to having had adequate discovery to resolve the motion.[1] Prior to ruling on the Motion, the Court will schedule a Rule 134(B) conference to discuss whether the parties wish to

---

[1] In light of Everlast's failure to comply with Rule 134(b), the Court is not inclined to consider Everlast's procedural argument that Plaintiffs untimely filed their summary judgment opposition.

2

supplement their summary judgment materials based on information developed during the remainder of the discovery period.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated:_____                    _____
                                          Michael A. Duddy
                                          Judge, Business and Consumer Docket