STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-406

STATE OF MAINE
Cumberland, ss. Clerk's Office

MAR 22 2019

RECEIVED

MEGAN ROSADO and
ALBION HILL,

          Plaintiffs

    v.

TEXAS INSTRUMENTS, INC.,
POINT 2 POINT GLOBAL
SECURITY, INC., and DAVID
PRICE,

          Defendants

ORDER ON DEFENDANT POINT 2
POINT GLOBAL SECURITY, INC.'s
MOTION TO DISMISS

Before the court is defendant Point 2 Point Global Security, Inc.'s partial motion to dismiss two of plaintiff Rosado's complaints against defendant Point 2 Point (P2P): count XI, defamation, and count XIV, tortious interference with advantageous relationships. For the following reasons, defendant P2P's motion to dismiss is denied.

Factual Background

Plaintiff Megan Rosado is a resident of Biddeford, Maine. (Compl. ¶ 1.) Plaintiff Albion Hill is a resident of Lewiston, Maine. (Compl. ¶ 2.) Defendant Point 2 Point Global Security, Inc. (P2P) is a multi-state security firm incorporated in California and with its principal place of business in Dallas, Texas. (Compl. ¶ 5.) Defendant P2P provides security for defendant Texas Instruments, Inc. (TI) at its South Portland manufacturing campus. (Compl. ¶ 5.) Plaintiff Rosado was employed by defendant P2P in South Portland as a patrol officer, a service communication center operator, and a part-time shift supervisor from May 2015 until her termination on April 6,

1

2017. (Compl. ¶¶ 6-7.) Plaintiff Hill was employed by defendant P2P in South Portland as a shift supervisor from 2007 until his termination on April 8, 2017. (Compl. ¶¶ 8-9.)

Plaintiffs allege that defendant David Price, the security services manager for TI's South Portland campus and liaison to P2P, treated female employees differently from male employees. (Compl. ¶¶ 3, 12-15.) In August 2016, defendant Price swore and yelled at plaintiff Rosado for what he believed was unsatisfactory handling of a report. (Compl. ¶¶ 16-19.) Plaintiff Rosado, who was 37-weeks pregnant at the time, became emotionally upset. (Compl. ¶¶ 18-23.) In August and September 2016, plaintiffs reported the incident with defendant Price to TI and P2P. (Compl. ¶ 26.)

After this report, plaintiffs allege that defendant Price retaliated against them by attempting to have them terminated. (Compl. ¶ 28.) Plaintiffs allege defendant Price accomplished this goal by singling them out for reprimands, "write-ups," and false reports of incompetence. (Compl. ¶¶ 29-34.) Defendant Price's retaliation culminated with the termination of both plaintiffs in the first week of April 2017. (Compl. ¶¶ 38-45.)

Procedural History

Plaintiffs filed a complaint on September 7, 2018. Plaintiffs include fifteen counts in their complaint: (1) sex discrimination (plaintiff Rosado against defendant TI); (2) sex discrimination (plaintiff Rosado against defendant Price); (3) sex discrimination (plaintiff Rosado against defendant P2P); (4) retaliation (plaintiffs against defendant TI); (5) retaliation (plaintiffs against defendant Price); (6) retaliation (plaintiffs against defendant P2P); (7) violation of right to review personnel file (plaintiffs against defendant TI); (8) violation of right to review personnel file (plaintiffs against defendant P2P); (9) defamation (plaintiffs against defendant TI); (10) defamation (plaintiffs against defendant Price); (11) defamation (plaintiff Rosado against

2

defendant P2P); (12) tortious interference with advantageous relationships (plaintiffs against defendant TI); (13) tortious interference with advantageous relationships (plaintiffs against defendant Price); (14) tortious interference with advantageous relationship (plaintiff Rosado against defendant P2P); and (15) punitive damages (plaintiffs against all defendants).

Defendant P2P filed an answer and a motion to dismiss counts XI and XIV of the complaint on October 29, 2018. Plaintiffs filed an opposition to defendant P2P's partial motion to dismiss on November 19, 2018. Defendant P2P filed a reply to the opposition on November 26, 2018.

Discussion

I.     Standard of Review

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." Nadeau v. Frydrych, 2014 ME 154, ¶ 5, 108 A.3d 1254 (per curiam) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. Facts are read in the light most favorable to the plaintiff. Id. "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." Halco v. Davey, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." Desjardins v. Reynolds, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted).

3

## II.    Count XI - Defamation

The elements of defamation include:

> (a) a false and defamatory statement concerning another;
> (b) an unprivileged publication to a third party;
> (c) fault amounting to at least to negligence on the part of the publisher; and
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Morgan v. Kooistra, 2008 ME 26, ¶ 26, 941 A.2d 447. Plaintiffs allege that defendant P2P made false statements about plaintiff Rosado's work conduct to third parties, including Securitas Security Services (Securitas), in April 2017. (Compl. ¶¶ 98-100.) These statements were published to Securitas as part of Securitas's consideration of hiring plaintiff Rosado. (Compl. ¶ 98.) Plaintiffs claim that because these statements were false and concerned her occupation, they constituted defamation per se. (Compl. ¶ 100.)

Defendant P2P argues that plaintiffs' complaint lacks key factual allegations required to bring a claim of defamation. (Def. P2P's Mot. Dismiss 4.) Specifically, defendant P2P argues that: (1) plaintiffs have not identified the alleged false statements; (2) because plaintiffs have not alleged statements, plaintiffs cannot show the elements of fault amounting to negligence or actionability; and (3) because the alleged publications were to a potential employer, defendant P2P has statutory immunity pursuant to section 598 and plaintiffs failed to allege defendant P2P harbored malicious intent. (Def. P2P's Mot. Dismiss 4-5); 26 M.R.S. § 598 (2017).

"The complaint must allege facts with sufficient particularity so that, if true, they give rise to a cause of action; merely reciting the elements of a claim is not enough." America v. Sunspray Condo. Ass'n, 2013 ME 19, ¶ 13, 61 A.3d 1249. When deciding on whether a claim for defamation is sufficiently pleaded, the law court has noted that the "proving slanderous words strictly as alleged" standard "is suspect in light of modern notice pleading and increased reliance on

4

discovery." Marston v. Newavom, 629 A.2d 587, 591 (Me. 1993) ("Both the allegations [in the complaint] and the evidence convey the impression that plaintiff had used her company credit card in a dishonest manner, that the dishonest conduct had been discovered, and that she was too embarrassed to face her co-workers because her misconduct had been discovered.").

Defendant P2P has fair notice of the substance of the defamation claim against it. See Vahlsing Christina Corp. v. Stanley, 487 A.2d 264, 267 (Me. 1985) ("In modern pleading practice, the purpose of the complaint is to provide the defendant with fair notice of the claim against him."). Plaintiffs alleged that defendant P2P communicated to third parties, including Securitas, unprivileged false information about plaintiff Rosado with regard to her employment at P2P. (Compl. ¶¶ 95-100.) Plaintiffs allege that defendant P2P's false statements concerned her occupation and constitute defamation per se. Saunders v. Van Pelt, 497 A.2d 1121, 1124-25 (Me. 1985). Because plaintiffs allege defamation per se, plaintiffs are not required to allege a special harm. (Compl. ¶ 100); see Rippett v. Bemis, 672 A.2d 82, 86 (Me. 1996).

Defendant P2P has pleaded immunity as an affirmative defense. (Def. P2P's Ans. 15); 26 M.R.S. § 598. "A defendant may raise immunity as the ground for dismissal of a claim for failure to state a basis for relief." Argereow v. Weisberg, 2018 ME 140, ¶ 15, 195 A.3d 1210. "When a party seeks dismissal of a claim based on an affirmative defense, the relevant inquiry is whether the facts giving rise to the defense appear on the face of the complaint." Id. (quotation marks omitted).

Under section 598, "[a]n employer who discloses information about a former employee's job performance or work record to a prospective employer is presumed to be acting in good faith" and "is immune from civil liability for such disclosure or its consequences." 26 M.R.S. § 598. This presumption may be rebutted by clear and convincing evidence that the employer knowingly

5

and with malicious intent disclosed "false or deliberately misleading information". Id. From the face of the complaint, it appears that defendant P2P, plaintiff Rosado's employer, disclosed information about plaintiff Rosado to Securitas, a prospective employer, which raises the presumption of immunity. (Compl. ¶¶ 98-100.) Plaintiffs' complaint also contains allegations that defendant P2P did not act in good faith, which may rebut defendant P2P's presumptive good faith and immunity. (See Compl. ¶¶ 96-100); see also Estate of Kay v. Estate of Wiggins, 2016 ME 108, ¶ 11, 143 A.3d 1290 ("Once facts supporting the affirmative defense have been presented, the burden shifts to the non-moving party to make a prima facie showing of facts that would rebut the affirmative defense to survive the motion to dismiss.").

III.     Count XIV: Tortious Interference with Prospective Economic Advantage

In a tortious interference with a prospective economic advantage claim, plaintiffs must allege: "(1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." Currie v. Indus. Sec., Inc., 2007 ME 12, ¶ 31, 915 A.2d 400 (quotation marks omitted). To establish tortious interference by fraud, plaintiffs must allege that a person:

> (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

Sherbert v. Remmel, 2006 ME 116, ¶ 4 n.3, 908 A.2d 622 (citation omitted).

Plaintiffs allege that Defendant P2P "intentionally interfered with plaintiff Rosado's advantageous contractual relationship and prospective economic relationship through fraud," that defendant P2P's "statements were made with knowledge of their falsity or in reckless disregard

6

of their falsity, for the purpose of intimidating, coercing, or fraudulently inducing Securitas not to hire Rosado for employment," and "in reliance on Defendant's misrepresentation, Securitas did not hire Rosado for employment." (Compl. ¶¶ 113-15.) Defendant P2P argues that plaintiffs did not allege that defendant P2P used threats or intimidation and have failed to allege fraud with the particularity required by Rule 9. M.R. Civ. P. 9(b). (Def. P2P's Mot. Dismiss 6.) Plaintiffs argue that defendant P2P is on notice that plaintiffs bring this claim based on defendant P2P's "knowingly misrepresenting the reasons for [plaintiff Rosado's] termination to her prospective employer, which caused the prospective employer not to hire her for a position for which she was otherwise qualified." (Pls.' Opp'n to Def. P2P's Mot. Dismiss 4.)[1]

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." M.R. Civ. P. 9(b). This standard is not "whether the complaint sets out a textbook definition of fraud, but whether defendant is fairly apprised of the elements of the claim." TD Banknorth, N.A. v. Hawkins, 2010 ME 104, ¶ 23, 5 A.3d 1042 (quotation marks omitted).

In Barnes v. McGough, plaintiffs alleged that defendants carried out a scheme to defraud one plaintiff of his stock. Barnes v. McGough, 623 A.2d 144, 144-45 (Me. 1993). The scheme involved misrepresentations concerning the terms of the sale and compensation of the stock. Barnes, 623 A.2d at 145. "[Plaintiffs] further alleged that the [defendants] interfered with plaintiffs' advantageous relations with [a company], because the fraudulent scheme caused the loss of their employment with the company and the loss of profits to which they would otherwise be entitled." Barnes, 623 A.2d at 146. The Law Court concluded those allegations were sufficient to state a claim for fraud and interference with advantageous relations and vacated the dismissal of

---

[1] Plaintiffs' theory in count XIV does not include intimidation.

7

those counts. <u>Barnes</u>, 623 A.2d at 146. Similarly, defendant P2P is fairly apprised of the elements of plaintiffs' claim. <u>See</u> <u>TD Banknorth</u>, 2010 ME 104, ¶ 23, 5 A.3d 1042; <u>Currie</u>, 2007 ME 12, ¶ 31, 915 A.2d 400.

The entry is

> Defendant Point 2 Point's Motion to Dismiss Counts XI and XIV of Plaintiffs Rosado and Hill's Complaint is DENIED.

Date: March 21, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3-22-19