STATE OF MAINE                                    BUSINESS AND CONSUMER COURT
CUMBERLAND, ss.                                   DOCKET NO. BCD-CV-2022-00036

SONYA MELISSA TIREY AS PR OF        )
THE ESTATE OF TONYA TIREY          )
CIANCHETTE,                        )
                                   )
    Plaintiff,                     )      ORDER DENYING WITHOUT
                                   )      PREJUDICE DEFENDANTS' MOTION
    v.                             )      FOR SUMMARY JUDGMENT
                                   )
CHARLES OXENDINE, ET AL.,          )
                                   )
    Defendants.                    )
                                   )

This matter comes before the Court on Defendants' Motion for Summary Judgment. However, the case has followed an unusual procedural path. Defendants first filed a Motion to Dismiss, and then filed a Motion for Summary Judgment without waiting for the Court to decide their Motion to Dismiss. The Court has not yet even been able to issue a scheduling order in this case and discovery has not closed. Defendants' Motion for Summary Judgment is based on a solo affidavit that does not comply with M.R. Civ. P. 56(e). *See Bahre v. Liberty Group, Inc.*, 2000 ME 75, ¶ 12, 750 A.2d 558. Even if it did so comply, it does not technically support multiple Statements of Material Fact. *See Flannery v. Lajoie*, No. BCD-CV-11-34, 2012 Me. Bus. & Consumer LEXIS 20, at *2. Plaintiff opposes the Motion for Summary Judgment on several grounds, one of which is that the Motion is premature because it has been filed before the end of discovery. The Court agrees that the Motion is premature. M.R. Civ. P. 56(f) provides that a party opposing summary judgment must be allowed adequate opportunity to conduct discovery or otherwise develop evidence in opposition to the summary judgment motion. *Angell v. Hallee*, 2012 ME 10, ¶ 13, 36 A.3d 922. In this case, it appears that Plaintiff has conducted some discovery, but Plaintiff has a

1

plausible basis for requesting time to complete discovery. *See Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Tr.*, 2002 ME 178, ¶ 22, 814 A.2d 449 (reviewing factors helpful in evaluating a Rule 56(f) request).

Accordingly, for the aforementioned reasons, the Court denies without prejudice Defendants' Motion for Summary Judgment. The Court will convene a telephonic conference for the purpose of discussing and issuing a scheduling order. Defendants can re-file for summary judgment after the close of discovery, provided the parties have first participated in a M.R. Civ. P. 134(b) conference, all in compliance with the soon to be issued scheduling order.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated: **10/04/2022**

Michael A. Duddy
Judge, Business and Consumer Court

Entered on the docket: 10/04/2022

BCD-CIV-2022-00036

SONYA MELISSA TIEREY, AS P.R.
OF ESTATE OF TONYA TIERY CIANCHETTE

    *Plaintiff(s)*

*v.*

CHARLES OXENDINE, ET AL

    *Defendant(s)*


Party Name:                         Attorney Name:

*Plaintiff:*
  Sonya Melissa Tierey, as P.R.          Steven Sillin, Esq
  of Estate of Tonya Tiery Cianchette    **Berman Simmons PA**
                                    129 Lisbon Street
                                    PO Box 961
                                    Lewiston, ME 04243-0961


*Defendants:*
  Frederick H. Hart, III              Seth Holbrook, Esq
  Seafari Charters, LLC             **Holbrook & Murphy**
                                      238 Lewis Wharf
                                    Boston, MA 02110


  Charles Oxendine                Elizabeth Stouder
  PS Dive Shop, LLC               **Richardson Whitman Large Badger**
                                      PO Box 9545
                                    Portland, ME 04112-9545