**GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff**

v.

**S & S MARINE PRODUCTS LTD., et al., Defendants**

**No. CIV. 01–265–PH.**

United States District Court, D. Maine.

Dec. 14, 2001.

Melissa A. Hewey, Esq., Benjamin E. Marcus, Esq., Drummond, Woodsum & Macmahon, Portland, ME, Francis X. Manning, Esq., Stradley, Ronon, Stevens & Young, LLP, Cherry Hill, NJ, for Plaintiff.

Christopher D. Hardy, Esq., Camden, ME, for Defendants.

Stephan A. Marci, Warren, ME, Pro se.

Angelika M. Marci, Warren, ME, Pro se.

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

HORNBY, Chief Judge.

The plaintiff has moved for a temporary restraining order. One defendant (Smith and Jones Lobster Company) does not oppose the motion. The other corporate defendants apparently do not have counsel. An individual defendant, Stephan Macri, does oppose the motion but has filed no response specifically to the motion, although he has filed a letter setting forth his dissatisfaction with how the plaintiff has treated him. I have delayed ruling on the motion since the Magistrate Judge's conference of November 21, 2001, to give Mr. Macri an opportunity to engage counsel for the other corporate defendants and/or himself and his wife. But it is time now to rule.

I follow the First Circuit's four-part analysis. *See Philip Morris, Inc. v. Harshbarger,* 159 F.3d 670, 673 (1st Cir. 1998).

First, I adopt the Magistrate Judge's finding on likelihood of success (a conclusion he reached in ruling on a motion for attachment and trustee process) as law of the case for purposes of this motion.

Second, there is no public interest at stake.

Third and fourth, on the balance of harms analysis, involving the remaining two elements of the First Circuit's four-part test, I make the following observations: The plaintiff already has obtained two remedies from Magistrate Judge Cohen (albeit in a single order)? both trustee process and an attachment that can be levied against all the defendants' real and personal property in Maine. An attach-

ment from this Court does not ordinarily extend beyond the borders of Maine; the record does not disclose whether there is significant property outside Maine to be attached. Aside from property that may exist outside Maine, the plaintiff is fearful that its attachment and trustee process order is inadequate to protect its interest in income that may flow to the defendants. The plaintiff also seeks to use the temporary restraining order to preserve certain records that it wishes for discovery and ultimate proof. Discovery procedures can be used to obtain records. If they are improperly destroyed, there are other sanctions available including negative inferences to be drawn. But the defendants have made no arguments against the requested relief. Indeed it appears that they are contractually obligated to treat the collateral as the proposed order requires and that they are obligated to maintain the records as well. Thus, although the case is close on the balance of harms analysis, I conclude that the motion should be granted.

Accordingly, it is hereby ORDERED as follows:

1. The defendants, S & S Marine Products Ltd., a Massachusetts corporation d/b/a S & S Seafood Ltd. and Smith Lobster Company, S & S Marine Products Limited, a Maine corporation, Smith and Jones Lobster Company, Stephan A. Macri and Angelika M. Macri, and their officers, directors, managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents and all those acting in concert with and on their behalf, including any and all persons delivering any portions of the Collateral (defined as the property and assets of defendants S & S Marine Products Ltd. d/b/a S & S Seafood Ltd., and Smith Lobster Company, S & S Marine Products Limited and Smith and Jones Lobster Company, whether real or person-al, and whether then owned or thereafter acquired, including, without limitation, all accounts receivable, inventory and equipment, books and records and all proceeds thereof) to various wholesalers and retailers or others and collecting payments from such entities or persons for said deliveries (collectively, the "Restrained Parties"), are hereby TEMPORARILY ENJOINED AND RESTRAINED from using, hypothecating, moving, transferring, selling, pledging, assigning, disposing of or taking any action with respect to the Collateral, including any proceeds thereof wherever such proceeds may be located, provided however that defendants may sell their existing perishable inventory provided the proceeds thereof are immediately deposited into the lockbox established by plaintiff and provided that defendants give immediate written notice of such disposition to plaintiff.

2. The Restrained Parties are further TEMPORARILY ENJOINED AND RESTRAINED from hypothecating, moving, transferring, destroying, altering, modifying or disposing of any books, records or documents that relate or refer to the Collateral.

3. Pursuant to Fed.R.Civ.P. 65(c), the plaintiff shall post a bond in the amount of Twenty-five Thousand Dollars ($25,000) for this Order to become effective.

4. This Order does not extend to the named defendant Roberto Cavallarin who, according to the Court's file, has not yet been served with process.

So ORDERED.