MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 41
Docket:       Cum-15-207
Argued:       February 11, 2016
Decided:      March 10, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

ARTHUR MURDOCK

v.

MARTIN THORNE et al.

PER CURIAM

[¶1]  Arthur Murdock appeals, and the Maine Department of Public Safety (DPS) cross-appeals, from summary judgments entered by the Superior Court (Cumberland County, *Warren, J.*) in favor of Martin Thorne on Murdock's complaint for negligence, and in favor of DPS on Murdock's complaint for uninsured motorist coverage.  Because we conclude that the court improvidently granted Murdock's motion to enter final judgments on those claims pursuant to M.R. Civ. P. 54(b)(1), we dismiss the appeals.

I.  BACKGROUND

[¶2]  The summary judgment record contains the following facts drawn from the parties' statements of material fact that were admitted by the opposing party. *See Brady v. Cumberland Cty.*, 2015 ME 143, ¶ 2, 126 A.3d 1145;

2

M.R. Civ. P. 56(h). On January 26, 2010, Murdock, then a lieutenant with the Maine State Police, stopped his cruiser in a westbound turn lane of Skyview Drive in Portland so that he could turn left and enter the State Police barracks driveway on the other side of the road. Martin Thorne was driving eastbound on Skyview in the innermost of two eastbound lanes. As Thorne approached a line of traffic that was stopped at a red light, he stopped short of a vehicle in front of him so as to leave a gap, made eye contact with Murdock, gestured with his finger to indicate that Murdock should wait a moment, checked his side mirror, and then waved Murdock through, indicating that Murdock could turn in front of him.

[¶3] As he turned in front of Thorne, Murdock "inched forward" to check for oncoming traffic in the far eastbound lane. Seeing none, and relying on his own observation of traffic, not on Thorne's signal, he began to cross. Thorne, who had rechecked his side mirror and now saw an approaching vehicle, honked his horn and began waving his arms at Murdock, but Murdock did not see or hear the warning. As Murdock drove across the travel lane, his cruiser was struck by a vehicle driven by Angelo Castigliola III, who was traveling at or below the 25 mph speed limit. Murdock suffered serious injuries and retired from the State Police later that year. As of September 1, 2014, he had received substantial workers' compensation benefits from the State, and was receiving ongoing weekly benefits.

[¶4]   In December 2013, Murdock filed a four-count complaint in the Superior Court, alleging negligence against Castigliola and Thorne, and seeking uninsured motorist coverage from DPS and from Patrons Oxford Insurance Company, his personal insurance carrier.   In September 2014, both DPS and Thorne moved for summary judgment.[1]   The court granted both motions by order dated January 22, 2015.   On Murdock's motion, the court certified its order as a final judgment pursuant to M.R. Civ. P. 54(b)(1).   Murdock appealed and DPS cross-appealed.

## II.  DISCUSSION

[¶5]   When multiple claims are at issue in a case, M.R. Civ. P. 54(b)(1) permits a court to enter a final judgment on selected claims "only upon an express determination that there is no just reason for delay."   M.R. Civ. P. 54(b)(1); *McClare v. Rocha*, 2014 ME 4, ¶ 8, 86 A.3d 22.   The trial court made the required determination in this case.   When a partial final judgment is appealed, "[w]e review . . . for an abuse of discretion but do not simply accept the trial court's determination; there must be a valid justification for the determination." *McClare*, 2014 ME 4, ¶ 8, 86 A.3d 22.   "[W]e will then decide based on several factors whether to reach the merits of the appeal." *Id.*

---

[1]  Castigliola also moved for summary judgment; that motion was denied.

4

[¶6]  One of the factors that we consider is "[t]he possibility that the need for review may be mooted by future developments in the trial court." *Id.* ¶ 8 n.1.  At oral argument, Murdock acknowledged two circumstances that inform our decision.  First, addressing a central dispute of fact that remains unresolved in the trial court, Murdock agreed that "the entire case would go away" if he failed to prove at trial that Castigliola was negligent.  Second, he agreed that if we affirm the summary judgments now before us, that would not end the case in the trial court.

[¶7]  Murdock thus asks us to render what is essentially an advisory opinion on important issues of first impression, one of which affects the public fisc.[2] Although that course of action would simplify this case for these parties, it is not the prudent course for an appellate court to take, and we decline to do so.  If, following a trial, claims survive to judgment and that judgment is appealed, we will then have a fully-developed record on which to consider, in a comprehensive manner, all of the issues that require our decision.

---

[2]  We have not decided (1) whether a driver who stops and signals another driver to turn and proceed across a multi-lane road assumes a duty of care for purposes of a negligence claim; or (2) whether the State is required, pursuant to 24-A M.R.S. § 2902(1) (2015), to provide uninsured motorist coverage as part of its self-insurance program in light of 5 M.R.S. § 1728-A(1)(H) (2015), which provides that "[i]n performing the functions authorized by this chapter, the [self-insurance] funds, the Commissioner of Administrative and Financial Services and the director [of the Bureau of General Services] are not subject to the provisions of Title 24-A."

The entry is:

Appeals dismissed.

_____

**On the briefs:**

Philip P. Mancini, Esq., and Michael T. Devine, Esq., Drummond & Drummond, LLP, Portland, for appellant Arthur Murdock

Elizabeth A. Germani, Esq., Germani Martemucci & Hill, Portland, for appellee Martin Thorne

Janet T. Mills, Attorney General, and Thomas A. Knowlton, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Public Safety

**At oral argument:**

Philip P. Mancini, Esq., for appellant Arthur Murdock

Elizabeth A. Germani, Esq., for appellee Martin Thorne

Thomas A. Knowlton, Asst. Atty. Gen., for appellee Department of Public Safety