MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 51
Docket:        Yor-16-207
Submitted
  On Briefs:   February 10, 2017
Decided:       March 16, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ESTATE OF JOHN R. BARRON

v.

SHAPIRO & MORLEY, LLC, et al.

ALEXANDER, J.

[¶1]  The Estate of John R. Barron appeals from a summary judgment entered in the Superior Court (York County, *Douglas, J.*) in favor of Shapiro & Morley, LLC, and JPMorgan Chase Bank, N.A., on a complaint filed by John R. Barron,[1] alleging conversion, intentional infliction of emotional distress, unfair trade practices, and civil conspiracy.  Barron's claims arose out of alleged delays in the distribution of surplus funds following the sale of Barron's home after a foreclosure.  We affirm the judgment.

---

[1]  On January 2, 2017, while this appeal was pending, we granted the Estate of John R. Barron's motion to be substituted as plaintiff.

## I. CASE HISTORY

[¶2]  The summary judgment record contains the following facts taken from the parties' statements of material fact that were admitted or not properly objected to by Barron, the opposing party.  *See Murdock v. Thorne*, 2016 ME 41, ¶ 2, 135 A.3d 96.  In addition, Barron's brief on appeal states that "[t]he 'Facts' are recited by the Trial Court in its March 25, 2016 Decision and Order," apparently accepting the facts stated by the trial court, but disagreeing with its legal conclusions.

[¶3]  Shapiro & Morley, a South Portland law firm, represented JPMorgan Chase Bank in a foreclosure action against John R. Barron in the District Court (Springvale).  On July 19, 2013, the District Court issued a judgment in favor of Chase and against Barron in the foreclosure action.  Barron failed to redeem the property during the 180-day redemption period stated in the foreclosure judgment.  Chase, by and through its counsel, Shapiro & Morley, published notice of the public sale of the subject property.

[¶4]  On March 6, 2014, a foreclosure sale was held.  At the sale, the high bidder made a bid of $160,000 and signed a purchase and sale agreement with Chase.  Chase and the high bidder extended the original closing date by agreement.  On July 16, 2014, the closing occurred, and the high bidder paid

the $155,000 balance for the purchase of the property. The sale proceeds were deposited into Shapiro & Morley's client trust account.

[¶5] On July 31, 2014, Shapiro & Morley sent Chase a check for $118,178.49, representing Chase's portion of the sale proceeds. Soon thereafter, Barron sought distribution of the surplus to him. However, Shapiro & Morley, as is its custom, does not disburse surplus funds to a third party, such as Barron, until expiration of the statutory thirty-day objection period after the filing of the report of sale required by 14 M.R.S. § 6324 (2016). The purpose of the delayed final distribution is to allow any interested party an opportunity to object to the report of sale. When Shapiro & Morley failed to comply with his demands, Barron sent a notice of intent to file a claim for unfair trade practices.

[¶6] Shapiro & Morley filed the report of sale on September 9, 2014. The report of sale stated that the surplus of $41,820.94 would be disbursed to Barron upon the expiration of the objection period following the filing of the report of sale or upon a waiver of objection by Barron.

[¶7] On October 9, 2014, the last day of the objection period, Barron filed in the District Court foreclosure action a motion objecting to the report of sale. The motion sought a ninety-day discovery period to examine "inherently

untrustworthy claims" and unspecified errors in the report of sale and sought an evidentiary hearing to challenge the report of sale. The Superior Court's decision indicates that Barron was claiming entitlement to approximately $3,000 in addition to the funds indicated as due to him in the report of sale. There is no indication in the record before the Superior Court that the District Court considered Barron's motion, or that the pendency of Barron's motion delayed disbursement of the surplus funds to Barron.[2]

[¶8]  On October 23, 2014, the $41,820.94 surplus identified in the report of sale was disbursed to Barron.

[¶9]  Payment of the proceeds from a foreclosure sale is governed by 14 M.R.S. § 6324, which, in addition to requiring payment of any surplus from the sale to the mortgagor, provides, as relevant to this action:

> After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at the mortgagor's last known address. This report need not be accepted or approved by the court, provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such

---

[2]  Barron's brief asserts that after the Superior Court entered its judgment, the District Court, on April 26, 2016, found that Barron was entitled to an additional $2,506.18 payment from Chase. That information is not part of the trial court record before us, and even if it were, it would not affect our analysis.

challenge may be for money only and does not affect the title to the real estate purchased by the highest bidder at the public sale.

Section 6324 sets no time limits for post-sale disbursements of proceeds.

[¶10] On October 3, 2014, before the expiration of the statutory period for objecting to the report of sale, and before he filed his objection to the report of sale in the District Court, Barron filed this action in the Superior Court. Barron's four-count complaint against Shapiro & Morley and Chase includes claims for conversion, intentional infliction of emotional distress, unfair trade practices, and civil conspiracy. Barron contends that Shapiro & Morley converted the surplus proceeds owed to him from the foreclosure sale when Shapiro & Morley disbursed the sale proceeds to Chase in July 2014, but did not disburse the surplus proceeds to Barron until October 2014.[3] Barron argues that Shapiro & Morley had no lawful justification—by statute, common law, or court order—for withholding the surplus after Barron made a demand for it.

[¶11] In October 2014, Chase moved to dismiss the complaint. In August 2015, Shapiro & Morley moved for summary judgment. After a

---

[3] As the trial court noted, Barron's pleadings generally do not distinguish between Shapiro & Morley and Chase. Barron collectively refers to them as the "defendants." Any liability for conversion as to Chase appears to be wholly derivative of Shapiro & Morley's conduct during the foreclosure proceedings.

6

hearing, by judgment dated March 25, 2016, the court treated Chase's motion to dismiss as one for summary judgment and granted both motions.[4] *See* M.R. Civ. P. 12(b); *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. Barron timely appealed.[5] *See* M.R. App. P. 2.

## II. LEGAL ANALYSIS

[¶12] We review summary judgment decisions de novo, as a question of law. *Budge v. Town of Millinocket*, 2012 ME 122, ¶ 12, 55 A.3d 484. Summary judgment is appropriate when review of the parties' statements of material

---

[4] The Superior Court addressed its consideration of the parties' statements of material fact in an extensive footnote as follows:

> Shapiro & Morley filed a 33-paragraph statement of material facts along with its motion as required by the rules. [Barron] filed an opposing statement of material facts denying two of the 33 paragraphs, qualifying six paragraphs and admitting the remaining 25 paragraphs. Included in the opposing statement is a 69-paragraph additional statement of material facts pursuant to Rule 56(h)(2). Shapiro & Morley filed a reply denying most and objecting to nearly all of the 69 paragraphs, citing various grounds including relevance, materiality, inadequate record support and recitation of legal conclusions as facts. The court agrees with many of the objections. To the extent that either party's statement of material facts or additional statement of material facts sets forth statements that are irrelevant, immaterial, do not have adequate record support and/or are conclusory legal statements as opposed to statements of facts, the court does not rely on them for purposes of this motion.

The trial court's approach to the statements of material fact was appropriate and provided an adequate record of material facts on which to base its decision and our review on appeal. *See* M.R. Civ. P. 56(h)(4); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (statements of material fact that "rest[] merely upon conclusory allegations, improbable inferences, and unsupported speculation" may be disregarded).

[5] In its brief, Shapiro & Morley asserts that Barron's claims are barred by the doctrine of duplicity. The Superior Court rejected the duplicity argument, noting that the claims and relief sought in this action are different from the relief sought in District Court, citing *Geary v. Stanley*, 2007 ME 133, ¶ 14, 931 A.2d 1064. We need not address the duplicity issue to resolve this appeal.

fact and the record evidence to which the statements refer, considered in the light most favorable to the party opposing summary judgment, demonstrates that there is no genuine issue of material fact that is in dispute and that the party seeking summary judgment is entitled to judgment as a matter of law. *Remmes v. Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466; *Budge*, 2012 ME 122, ¶ 12, 55 A.3d 484.

[¶13]  To survive a defendant's motion for a summary judgment, a plaintiff must establish a prima facie case for each element of his or her cause of action.  *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774.  If a plaintiff presents insufficient evidence on an essential element of a cause of action, such that the defendant would be entitled to judgment as a matter of law on that state of the evidence at a trial, the defendant is entitled to a summary judgment. *Id.*

[¶14]  "The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion."  *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798.  The necessary elements to establish a claim for conversion are a showing that (1) the person claiming that his or her property was converted has a property interest in the property; (2) the person had the right to possession at the time of the alleged conversion; and

8

(3) the party with the right to possession made a demand for its return that was denied by the holder. *Id.*; *accord Leighton v. Fleet Bank of Maine*, 634 A.2d 453, 457 (Me. 1993).

[¶15] Thus, Barron was required to demonstrate a property interest in and the right to possession of the surplus proceeds at the time of the alleged conversion. *See Lougee*, 2012 ME 103, ¶ 21, 48 A.3d 774. Barron has demonstrated—and Shapiro & Morley does not dispute—that he had a property interest in the surplus and that he made a demand for its release shortly after the closing of the sale. However, Barron has not generated a prima facie claim that he had a right to exclusive possession of the surplus at the time of the alleged conversion—between July 2014 and October 2014.

[¶16] The District Court foreclosure judgment ordered that, after the redemption period, Chase "shall sell the [property] pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order: First, to JPMorgan Chase Bank, National Association, its successors and assigns, as set forth above; Second, the surplus proceeds, if any, to John R. Barron in accordance with 14 M.R.S. § 6324." The judgment did not provide a specific time frame for disbursements, although its reference to section 6324 inferentially

incorporated the required thirty-day period to object to the report of sale before the disbursements following the sale could be finalized.

[¶17]  "[C]onversion requires an actual interference with the property owner's rights beyond a brief and ultimately-harmless withholding."  *Lougee*, 2012 ME 103, ¶ 22, 48 A.3d 774; *see Northeast Bank of Lewiston & Auburn v. Murphy*, 512 A.2d 344, 347 (Me. 1986) (stating that conversion requires an intent to exercise dominion that "in fact" seriously interferes with the owner's rights).  "To determine whether an interference is sufficiently serious as to amount to conversion, the court should consider the extent and duration of the actor's exercise of dominion or control; the actor's good faith; the extent and duration of the resulting interference with the other's right to control; the harm done; and the inconvenience and expense caused to the owner."  *Lougee*, 2012 ME 103, ¶ 22, 48 A.3d 774.

[¶18]  The Superior Court determined that "Shapiro & Morley was a lawful, transient possessor of the surplus funds, and so acted in the context of an ongoing proceeding in District Court to finally account for the sale proceeds and close out the foreclosure proceeding.  The firm was under no legal obligation to disburse the funds earlier or upon Barron's demand."  This determination was appropriate and accurate, based on the nature of Shapiro

& Morley's regular business practice for disbursements to third parties and the undisputed facts in the statements of material fact.

[¶19]    Applying the standards suggested in *Lougee*, the evidence establishes as a matter of law that Shapiro & Morley retained the surplus funds in good faith and consistent with its past practice until expiration of the time established by law for objection to the report of sale; and retention for that period of time was not unreasonable.  We note, also, that Barron chose to delay his objection to the report of sale until the last possible day, and sought to further delay final resolution for at least another ninety days.  Shapiro & Morley lawfully possessed the surplus following the sale, and neither the statute nor the foreclosure judgment required Shapiro & Morley to disburse the surplus to Barron sooner than October 2014.[6]

[¶20]    The case might be closer had Shapiro & Morley delayed distribution of the surplus until resolution of the payment dispute in the District Court, but that did not occur.  The funds were paid two weeks after expiration of the deadline for filing objections to the report of sale and while Barron's objection was pending and unresolved.  Barron has not presented a

---

[6] To support his claim that he was entitled to payment soon after the sale, Barron points to a provision in section 6324 which states that "[a]ny surplus must be paid to the mortgagor, the mortgagor's successors, heirs or assigns in the proceeding."  This provision sets no time limit for payment of the surplus, and certainly no time limit before the preparation, filing, and expiration of the period for objecting to the report of sale required by section 6324.

triable claim that he had a right of exclusive possession before that time. The Superior Court properly granted summary judgment on the conversion claim.

[¶21]  Barron argues that if we reinstate his conversion claim, the other three claims—intentional infliction of emotional distress, unfair trade practices, and civil conspiracy—should also be reinstated because, he argues, the trial court granted a summary judgment on the three claims because they are derivative of the conversion claim.  Barron's contention misconstrues the trial court's decision, which granted a summary judgment on each claim independent of the other claims.  Because the three remaining claims are not addressed in any detail in Barron's brief, we view argument on the other three claims as waived.  *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

The entry is:

Judgment affirmed.

12

Mark A. Kearns, Esq., and Mark L. Randall, Esq., Portland, for appellant Estate of John R. Barron

Adam J. Shub, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellee JPMorgan Chase Bank, N.A.

Joshua D. Hadiaris, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellee Shapiro & Morley, LLC

York County Superior Court docket number CV-2014-191
FOR CLERK REFERENCE ONLY