MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2017 ME 136
Docket:       Cum-16-312
Argued:       April 12, 2017
Decided:      June 27, 2017
Corrected:    July 25, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ARTHUR MURDOCK

v.

MARTIN THORNE et al.

JABAR, J.

[¶1]  Arthur Murdock appeals from a summary judgment entered by the trial court (Cumberland County, *Warren, J.*) in favor of Martin Thorne and the Maine Department of Public Safety (DPS) on Murdock's negligence claim against Thorne and his underinsured motorist claim against DPS.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts are derived from the parties' statements of material fact and are undisputed unless otherwise noted.  *See Estate of Kay v. Estate of Wiggins*, 2016 ME 108, ¶ 2, 143 A.3d 1290.

[¶3]  As of January 26, 2010, the date of the automobile accident in question, Arthur Murdock was serving as a lieutenant with the Maine State

Police. That afternoon, Murdock traveled in a police cruiser toward his assigned State Police barracks that were located near Skyway Drive in Portland. Traveling westbound on Skyway Drive, Murdock slowed as he neared the barracks' parking lot entrance and prepared to make a left turn into the compound across two lanes of eastbound traffic. The defendant Thorne was traveling on Skyway Drive in the opposite direction.

[¶4] When Murdock's vehicle approached Thorne's, Thorne's car was one of many stopped at a red light located a short distance ahead of the barracks' parking lot. Murdock made eye contact with Thorne and began to angle his cruiser in front of Thorne's vehicle, which was positioned in the inside lane of eastbound Skyway Drive traffic. Thorne understood that Murdock wanted to cut across the two eastbound lanes of traffic and into the parking lot. Thorne then held up his index finger towards Murdock and proceeded to check his side view mirrors. After checking the mirrors, Thorne "waved" Murdock across his lane of traffic. Murdock proceeded to cross in front of Thorne's vehicle and then "inched forward" past Thorne's car to look for oncoming traffic in the outside eastbound lane. Seeing none, Murdock attempted to cross the outside eastbound lane and enter the parking lot. Shortly after crossing into the outside eastbound lane, Murdock's cruiser was

struck by another vehicle traveling in the outside eastbound lane from behind where Thorne's car was stopped in traffic.

[¶5] Murdock suffered various injuries as a result of the accident. At the time of the collision, as a DPS employee, Murdock was covered under a self-insurance fund administered by the director of the Risk Management Division, which is part of the Department of Administrative and Financial Services. The Risk Management Division issues statements of self-insurance that establish the limits and scope of liability assumed by the State and its agencies. No statement of self-insurance issued at the time of the collision provided underinsured motorist coverage to DPS employees.

[¶6] Murdock retired from the Maine State Police in June 2010. As of September 1, 2014, Murdock had received and was continuing to receive workers' compensation benefits from the State.

[¶7] On December 13, 2013, Murdock filed in the Superior Court a four-count complaint in which he set forth negligence claims against Thorne and the driver of the vehicle that struck his cruiser, and underinsured motorist (UM) claims against DPS and his own carrier, Patrons Oxford

Insurance Company. DPS and Thorne successfully moved for the entry of a summary judgment.[1]

[¶8] In granting the motions for summary judgment, the court concluded that Murdock's negligence claim against Thorne failed because Murdock did not make a prima facie showing that Thorne's allegedly negligent conduct was the proximate cause of Murdock's injuries. In arriving at this conclusion, the court noted that Murdock acknowledged in his deposition testimony that, before crossing into the outside eastbound lane, it was his responsibility to make a determination as to whether the lane was clear, and that he did not rely on Thorne's "wave-on" gesture before deciding to make the left-hand turn across the outside eastbound lane of traffic. As for Murdock's UM claim against DPS, the court concluded that, because the self-insurance fund covering Murdock at the time of the collision was explicitly exempt from provisions of the insurance code mandating that insurance carriers provide UM coverage in automobile insurance policies, DPS

---

[1] After the court entered a summary judgment on Murdock's claims against Thorne and DPS, Murdock successfully moved for the entry of a final judgment for the purposes of allowing him to seek appellate review. *See* M.R. Civ. P. 54(b)(2). We dismissed Murdock's appeal after concluding that the trial court improvidently granted his Rule 54(b)(2) motion given "[t]he possibility that the need for review may be mooted by future developments in the trial court." *Murdock v. Thorne*, 2016 ME 41, ¶¶ 1, 6, 135 A.3d 96 (alteration in original) (quotation marks omitted). Murdock subsequently secured dismissals of his remaining claims against the driver of the car that collided with his and Patrons Oxford and filed the appeal now before us.

was not obligated to provide Murdock with that coverage. Because the court concluded that Murdock's UM claim against DPS failed on these grounds, it did not address DPS's remaining contentions that Murdock's UM claims were also barred by sovereign immunity and Maine's workers' compensation statute.

[¶9] Murdock now appeals the court's entry of summary judgment on his negligence claim against Thorne and his UM claim against DPS. DPS cross-appeals.[2]

## II. DISCUSSION

A. Standard of Review

[¶10] We review a grant of summary judgment de novo, viewing the facts and all favorable inferences derived therefrom in favor of the nonprevailing party. *See Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573; *Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983).

B. Murdock's Negligence Claim

[¶11] When a plaintiff alleges negligence, to survive a defendant's motion for summary judgment, he "must establish a prima facie case for each element of the cause of action." *Mastriano v. Blyer*, 2001 ME 134, ¶ 11,

---

[2] DPS cross-appeals purely for the purpose of preserving its arguments not reached by the Superior Court that Murdock's UM claims against DPS were also barred pursuant to the doctrine of sovereign immunity and the exclusivity and immunity provisions of Maine's workers' compensation statute.

779 A.2d 951. "A prima facie case of negligence requires a plaintiff to establish four elements: duty, breach, causation, and damages." *Id.* Because Murdock has failed to make a prima facie case for the causation element of his negligence claim, we affirm the trial court's grant of a summary judgment on that claim.

[¶12] Murdock argues that, notwithstanding his admission that he had to make his "own determination" as to whether it was safe to cross the outside eastbound lane into the parking lot before turning, the court erred in granting summary judgment because, when viewing the record as a whole, a jury could infer that Murdock relied on Thorne's "wave-on" when making the left turn.

[¶13] Causation is a question of fact, and "[t]o support a finding of proximate cause, there must be some evidence indicating that a foreseeable injury did in fact result from the negligence." *Merriam v. Wanger*, 2000 ME 159, ¶ 9, 757 A.2d 778; *see Searles v. Trs. of St. Joseph's Coll.,* 1997 ME 128, ¶ 8, 695 A.2d 1206.

[¶14] Courts analyzing negligence claims based on a defendant driver's "wave-on" gesture have generally required plaintiffs to produce evidence of reliance to satisfy the element of causation. *See Dionne v. Progressive Ins. Co.*, No. CV-99-38, 2000 Me. Super. LEXIS 61, at * 4-5 (April 11, 2000) (concluding

that, because it was undisputed that the plaintiff did not rely on the defendant's gesture, the plaintiff could not establish causation); *Kemp v. Armstrong*, 392 A.2d 1161, 1164-65 (Md. Ct. Spec. App. 1978); *Gamet v. Jenks*, 197 N.W.2d. 160, 164 (Mich. Ct. App. 1972).

[¶15]  Although Murdock asserts that his "actions indicate that he relied on . . . Thorne's communications and representations" when deciding to cross the eastbound lanes, the evidence, even when viewed in the light most favorable to Murdock, does not support this inference.  In Murdock's deposition, he explained that after seeing Thorne's gesture to him "I turned; but I slowed to see if anything was coming up alongside him and, [there] wasn't.  And I turned to look in the driveway.  No traffic was coming there, and I accelerated."  Murdock elaborated that when he turned,

> [t]he lane was clear.  There was no car there.  Because when I started out, *I stopped* to—the car was—that was blocking my way, [Thorne's] SUV, I *stopped slightly to see for sure that no traffic was coming*.

(Emphasis added).

[¶16]  Similarly, Murdock's assertion in his statement of material fact that he relied on Thorne's gesture and "immediately began to execute the left turn" after receiving the "wave-on" from Thorne is refuted by his own deposition testimony.  *See Zip Lube, Inc. v. Coastal Sav. Bank*, 1998 ME 81, ¶ 10,

709 A.2d 733 ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.") (quotation marks omitted)). Murdock testified that after initiating the turn he "stopped and slowed down, inched forward to where I could see [the outside eastbound] lane; and then I pulled out." Murdock further testified as follows:

> [Thorne's attorney]: And the reason that you stopped and inched forward is because you know you can't rely on someone who's letting you turn left in front of them, correct?
>
> [Murdock]: That's correct.
>
> Q. You have to make your own determination of whether or not a lane is clear before you can cross that lane. True?
>
> A. That's true.
>
> Q. And that's the law, isn't it?
>
> A. That's true.
>
> Q. And you've taught that to many people over the years, correct?
>
> A. That's true, and the lane was clear at that time.

[¶17] Murdock's testimony regarding his actions after being "waved on" by Thorne establishes that while he may have relied on Thorne's gesture to pull his vehicle in front of Thorne's in the inside eastbound lane, he made

an independent, albeit flawed, assessment of the traffic conditions in the outside lane before turning and did not rely on the gesture when making the turn across the outside lane toward the parking lot. *See Kemp*, 392 A.2d at 1165 (concluding that the plaintiff failed to establish proximate cause where the plaintiff "'satisfied' himself, albeit negligently, that the way was clear" without relying on the defendant). Therefore, because Murdock failed to make a prima facie showing that Thorne's gesture was the proximate cause of his injuries, Thorne was entitled to summary judgment on Murdock's negligence claim.

C.     Murdock's Underinsured Motorist Claim

[¶18]  Because Murdock's UM claim against DPS is predicated on his entitlement to recover on his negligence claim against Thorne, and because we conclude that Murdock is not legally entitled to recover on that claim, we need not address DPS's argument that the self-insurance provided to its employees by the State's Risk Management Division is not subject to the mandates of Maine's UM statute.[3]   *See* 24-A M.R.S. § 2902(1) (2016); *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 10, 123 A.3d 216 (declining

---

[3]  For the same reasons, we do not address the issues raised in DPS's cross-appeal, nor do we address the question of duty regarding Thorne's actions.

to reach an issue that was, at the time, "entirely hypothetical").  Therefore, we also affirm the court's grant of summary judgment in favor DPS.

The entry is:

Judgment affirmed.

---

Philip P. Mancini, Esq., Michael T. Devine, Esq., Danelle R. Milone, Esq., Andrew W. Sparks, Esq., and David J. Marchese, Esq. (orally), Drummond & Drummond, LLP, Portland, for Arthur Murdock

Elizabeth A. Germani, Esq. (orally), Germani Martemucci & Hill, Portland, for appellee Martin Thorne

Janet T. Mills, Attorney General, and Thomas A. Knowlton, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Public Safety

Cumberland County Superior Court docket number CV-2013-534
For Clerk Reference Only