STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-69

Pamela E. White as Personal,
Representative of the Estate of
Joel D. White,

Plaintiff

v.

Cheryl A. White,

Defendant

ORDER ON PENDING MOTIONS

STATE C
Cumberland

MAY 1 0 2018
9:32 a.m.
RECEIVED

Before the court are plaintiff Pamela E. White's ex parte motion for approval of attachment and trustee process and defendant Cheryl A. White's motion to dismiss plaintiff's demand for trustee process and motion to dismiss plaintiff's complaint. For the following reasons, plaintiff's motion is granted and defendant's motions are denied.

Background

On February 15, 2018, plaintiff filed a complaint alleging one count of conversion and an ex parte motion seeking attachment and trustee process. In support of her motion, plaintiff filed an affidavit of Pamela White along with numerous exhibits. On February 16, 2018, defendant filed a response to plaintiff's ex parte motion. On the same day, plaintiff filed a reply to defendant's opposition. On March 5, 2018, defendant filed an answer, a motion to dismiss plaintiff's complaint, and a motion to dismiss plaintiff's motion for trustee process. In support of her motions, defendant also filed an affidavit of Cheryl White, an affidavit of Guy Converse, a bank statement, an affidavit of a bank teller, and two letters from attorneys. A revised affidavit of Cheryl White was filed on March 7, 2018. On March 26, 2018, plaintiff filed an opposition to

1

both motions. In support of her oppositions, plaintiff filed an affidavit of Marian Caouette Ryerson and a deposition of Guy Converse.

1. Plaintiff's Motion for Attachment and Trustee Process

    a. Standard of Review

A party seeking either attachment or trustee process must show "that it is more likely than not that the plaintiff will recover judgement, including interest and costs, in an amount equal to or greater than the aggregate sum" of the attachment or trustee process. M.R. Civ. P. 4A(c); M.R. Civ. P. 4B(c); Libby O'Brien Kingsley & Champion, LLC v Blanchard, 2015 ME 101, ¶ 5, 121 A.3d 109. Accordingly, the movant must show a greater than 50% chance of successfully recovering a judgment. Richardson v. McConologue, 672 A.2d 599, 600 (Me. 1996). "Motions for attachment must be supported by affidavit evidence." Lindner v. Barry, 2003 ME 91, ¶ 5, 828 A.2d 788 (citing Wilson v. DelPapa, 634 A.2d 1252, 1254 (Me. 1993)). "In making [its] determination, the court assesses the merits of the complaint and the weight and credibility of the supporting affidavits." Porrazzo v. Karofsky, 1998 ME 182, ¶ 7, 714 A.2d 826. The court may enter an ex parte order for attachment only where "there is a clear danger that the defendant if notified in advance . . . will remove [the property] from the state or will conceal it or will otherwise make it unavailable, . . . or there is immediate danger that the defendant will damage or destroy the property." M.R. Civ. P. 4A(g); see also M.R. Civ. P. 4B(i).

    b. Analysis

    i. Whether Plaintiff is More Likely Than Not to Recover Judgment

Plaintiff seeks an ex parte order of attachment and trustee process in the amount of $199,300. (P. White Aff. ¶ 29.) In her complaint, plaintiff alleges one count of conversion. To prevail on her conversion claim plaintiff must establish: (1) that she has a property interest in the

2

property; (2) that she had a right to possession of the property at the time of the alleged conversion; and (3) that she made a demand for the return of the property that was denied by the defendant. Estate of Barron v. Shapiro & Morley, LLC, 2017 ME 51, ¶ 14, 157 A.3d 769.

Plaintiff supports her motion with an affidavit and attached exhibits that allege the following facts. Plaintiff is the personal representative of the estate of her father, Joel D. White, Sr. (P. White Aff. ¶¶ 8, 12.) Prior to his death, Mr. White provided floor plan financing to Good Guys Cars & Trucks (GGC&T). (P. White Aff. ¶ 13.) Funds paid to GGC&T and repaid to Mr. White were withdrawn and deposited into a bank account issued solely in Mr. White's name. (P. White Aff. ¶¶ 15-17; Pl.'s Ex. B.) At the time of his death, GGC&T owed Mr. White $136,300 in principal for the financing. (P. White Aff. ¶¶ 15, 26; Pl's Ex.'s A, B.) GGC&T owed at least $59,600 in origination fees as of June 2017. (P. White Aff. ¶ 22; Pl.'s Ex. E.)

After Mr. White's death, defendant received $127,637.78 from GGC&T in return for floor plan financing provided to GGC&T by the decedent. (P. White Aff. ¶¶ 23, 26.) Defendant has directed GGC&T to make all payments to her. (P. White Aff. ¶ 21.) Defendant admits that the amounts owed pursuant to the financing arrangement are assets of the estate. (P. White Aff. ¶ 18; Pl.'s Ex. C.) After Mr. White's death, defendant also spent $15,140.52 from a bank account owned solely by the decedent. (P. White Aff. ¶¶ 20, 26.) Plaintiff has made a demand for the return of money owed pursuant to the financing arrangement and which was withdrawn from the decedent's bank account. (P. White Aff. ¶ 27.) The demand has been ignored. (P. White Aff. ¶ 27.)

In her opposition to plaintiff's motion for attachment, defendant argues that the floor plan financing is not an estate asset. To support her argument, defendant has submitted an affidavit asserting that the funds for the floor plan financing were obtained from an investment brokerage account she shared with Mr. White, her husband. (Rev. C. White Aff. ¶¶ 1, 9.) Upon repayment,

3

funds would be deposited back into the joint brokerage account. (Rev. C. White. Aff. ¶ 10.) According to defendant, her characterization of the floor plan financing arrangement as an asset of the estate was only a proposal with regard to an amount she might give to Mr. White's children. (Rev. C. White. Aff. ¶ 18.) Other than providing funds from her jointly shared investment account, defendant did not become involved in the financing transactions until after her husband's death. (Rev. C. White Aff. ¶¶ 7, 14, 44; Converse Aff. ¶ 10, 14.) Defendant admits that the funds for the floor plan financing were paid out of her husband's bank account. (C. White Aff. ¶ 38.)

After reviewing the parties competing affidavits the court finds that it is more likely than not that the floor plan financing is an asset of the estate. In her affidavits, defendant avers that she was not involved in the daily business of the enterprise until after her husband's death. Both parties agree and an exhibit shows that financing was paid for directly from Mr. White's bank account. Documents reflecting amounts owed pursuant to the floor plan transactions are in Mr. White's name. (Pl.'s Ex.'s A, H.) Finally, plaintiff's exhibit C appears to be an estimate of the final settlement of the decedent's estate.

As an estate asset, plaintiff had an interest in the money owed the estate and the right to possession and control of that money when it came due. 18-A M.R.S. §§ 3-709, 3-711 (2016). Further, plaintiff's interest in the estate's assets relates back prior to her appointment as personal representative and she, therefore, had an interest in the property at the time of the conversion. 18-A M.R.S. § 3-701 (2016). Finally, plaintiff has made an unsuccessful demand for the return of the property. Plaintiff has established that it is more likely than not that she will recover judgment on her claim for conversion in the amount of $195,900.[1] See Estate of Barron, 2017 ME 51, ¶ 14, 157 A.3d 769.

---

[1] This figure is arrived at by adding the $136,300 principal obligation and the $59,600 in origination fees.

4

### ii. Whether There is a Danger That Property Will be Unavailable to Satisfy a Judgment

Although plaintiff's motion for attachment and trustee process is styled as "ex parte," defendant filed an opposition to the motion the day after plaintiff's motion was filed, and plaintiff filed a response to defendant's objection the same day. To the extent any finding is necessary with regard to the unavailability of the property, plaintiff states in her affidavit that defendant has intentionally transferred funds from the decedent's bank account into her own bank account, received payments from GGC&T that should have been paid to the estate, and directed GGC&T to make all repayments under the financing agreement to defendant. (P. White Aff. ¶¶ 21-23.) Further, defendant has close ties to Massachusetts where she owns property, is registered to vote, and licensed to drive. (Rev. C. White Aff. ¶ 3.) Defendant's conduct and ties to a foreign jurisdiction evince a clear danger that defendant will remove estate assets from the state or will conceal or otherwise make the assets unavailable.

### iii. Conclusion

Plaintiff has established that she is more likely than not to recover judgment and that there is a clear danger that the property will be otherwise unavailable to satisfy a judgment. Accordingly, plaintiff's motion for attachment and trustee process is granted and defendant's motion to dismiss plaintiff's motion for trustee process is denied.

## 2. Defendant's Motion to Dismiss

Defendant has moved to dismiss plaintiff's complaint pursuant to M.R. Civ. P. 12(b)(6) and 12(b)(1).

### a. Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets

5

forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss and must be assumed as true." Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Contrary to a motion to dismiss pursuant to Rule 12(b)(6), a court makes no inferences in favor of the plaintiff when evaluating a motion to dismiss pursuant to Rule 12(b)(1). Tomer v. Me. Human Rights Comm'n, 2008 ME 190, ¶ 9, 962 A.2d 335.

b. Analysis

Defendant does not challenge the sufficiency of the factual allegations of the complaint. Instead, defendant argues that (1) plaintiff has failed to establish ownership of the amounts owed under the financing agreement and (2) that this court lacks jurisdiction over the subject matter of the dispute. (Def.'s Mot. Dismiss at 6, 11.) Defendant has attached numerous affidavits in support of her first argument and requests that the court consider her motion as a motion for summary judgment. Plaintiff argues that the court should not consider the affidavits submitted by defendant, that she has adequately stated a claim for conversion, and that jurisdiction is proper.

When, in support of a rule 12(b)(6) motion, materials "outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." M.R. Civ. P. 12(b). The decision whether to exclude or consider such materials is left to the discretion of the court. Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). At this juncture, prior to the onset of discovery, the court declines to consider the materials

6

outside the complaint that were filed in support of defendant's motion to dismiss. Defendant's argument relies, in part, on the affidavit of Guy Converse. While plaintiff has attempted to depose Mr. Converse, his deposition was postponed because he was suffering from physical distress. (Converse Dep. 46-47.) Accordingly, conversion of defendant's rule 12(b)(6) motion to a rule 56 motion is inappropriate. See Whiting v. Maiolini, 921 F.2d 5, 7 (1st Cir. 1990).

In her complaint, plaintiff alleges that GGC&T owes the estate a principal amount of $139,700 for floor plan financing provided to GGC&T by decedent. (Pl.'s Compl. ¶¶ 12, 16-19.) Defendant has received $127,637.78 in repayments from GGC&T and deposited these payments into a bank account held in her name only. (Pl.'s Compl. ¶¶ 20-21.) Defendant has also withdrawn and spent $15,140.52 from the decedent's bank account. (Pl.'s Compl. ¶ 21.) At the time of his death, decedent had the exclusive right to possess amounts owed him by GGC&T as well as the amounts in his bank account. (Pl.'s Compl. ¶¶-30-31.) Defendant has refused plaintiff's demand to return the above funds to the estate. (Pl.'s Compl. ¶ 26.) Accordingly, plaintiff's complaint states a claim for conversion. See Estate of Barron, 2017 ME 51, ¶ 14, 157 A.3d 769 (reciting the elements of conversion).

Defendant's final argument is that this court has no jurisdiction over the subject matter of this lawsuit because the Probate Court has exclusive jurisdiction to determine whether an asset is a probate asset belonging to the estate. Contrary to defendant's argument, the Probate Code provides that the Probate Court has "concurrent jurisdiction . . . [over] actions to determine title to property alleged to belong to the estate . . . ." 18-A M.R.S. § 3-105 (2017). Accordingly, this court has jurisdiction to determine whether the floor financing is an asset of Mr. White's estate. See id.

The entry is

> Plaintiff's ex parte Motion for Attachment and Trustee Process is
> GRANTED in a separate order. Defendant's Motion to Dismiss

7

Plaintiff's Motion for Trustee Process and Motion to Dismiss Plaintiff's Complaint are DENIED.

Date: May 10, 2018

Nancy Mills
Justice, Superior Court

CUM CV-18-069

8

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. CV-2018-69

PAMELA E. WHITE as Personal
Representative of the Estate of
Joel D. White,

         *Plaintiff,*

v.

CHERYL A. WHITE,

         *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON PLAINTIFF'S MOTION
FOR APPROVAL OF ATTACHMENT
AND ATTACHMENT WITH TRUSTEE
PROCESS WITH INCORPORATED
MEMORANDUM OF LAW**

After consideration of the pleadings before this Court pursuant to M.R.Civ.P. 4A and 4B, and on Affidavit/hearing, the Court finds the following:

1. It is more likely than not that in this action the Plaintiff, Pamela White, in her capacity as Personal Representative of the estate of Joel D. White will recover Judgment at least in the amount of one hundred and ninety-~~nine~~ *five* thousand and ~~three~~ *nine* hundred dollars ~~($199,300)~~ *$195,900*, against the Defendant and that the value of liability insurance, bond or other security and any other property attached by other writ of attachment or by trustee process for the benefit of Plaintiff known to Plaintiff against the Defendants is zero.

2. It is hereby ORDERED and ADJUDGED that attachment, including attachment on trustee process, may be had against Defendants, their property jointly and severally, both real and personal, including but not limited to, bank accounts, real estate, inventory, fixtures, furniture, equipment, accounts receivable and any and all other chattels belonging to them, and not otherwise exempt from attachment and attachment on trustee process in the amount of $199,300.

1

The Clerk is instructed to incorporate this Order by reference on the docket for this case.

DATE: _5/10/18_

Justice, Superior Court

2