STATE OF MAINE                          SUPERIOR COURT
OXFORD, ss.                             CIVIL ACTION
                                        DOCKET NO. CV 22-46


BRIAN COHEN                    )
                               )
        Plaintiff,             )
                               )
                               )        ORDER ON PLAINTIFF'S
v.                             )        MOTION FOR ATTACHMENT
                               )
AMY BETH BLAU,                 )
                               )
        Defendant.             )


Plaintiff Brian Cohen has filed a motion for attachment of personal property

pursuant to M.R. Civ. P. 4A. For the following reasons, the plaintiff's motion is

denied.

## Background

The plaintiff seeks attachment of a safe containing personal property worth

approximately $59,776.50.[1] He claims that Defendant Amy Beth Blau, his former

significant other and business partner, took the safe from his home in Andover,

Maine to her home in Rhode Island without his consent. The plaintiff has filed a

complaint alleging, among other things, one count of conversion. The defendant

opposes the attachment request. The court has considered the competing affidavits

filed by the parties and heard argument from counsel on March 6, 2023.

---

[1] The plaintiff filed his motion on an ex parte basis. The court denied the request to
grant the attachment ex parte and ordered that the matter be set for a hearing with
due notice to the defendant.

1

## Discussion

The personal property the plaintiff seeks to attach is in Rhode Island. The court does not believe it has the authority to attach property located outside of Maine.[2] *See GE Capital Corp. v. S&S Marine Prods.*, 176 F. Supp. 2d 1, 1-2 (D. Me. 2001) ("[a]n attachment from this Court does not ordinarily extend beyond the borders of Maine"); *see also Allstate Sales & Leasing Co., Inc. v. Geis*, 412 N.W. 2d 30, 32-33 (Minn. App. 1987) ("A state court cannot attach assets located outside the state."); *cf. Hawley v. Murphy*, 1999 ME 127, ¶ 11, 736 A.2d 268 (explaining that Maine courts do not have the authority to impose a lien on real property in another state). This is borne out by the structure of the rule governing attachments, which permits the court to direct a writ of attachment to "the sheriffs of the several counties or their deputies," M.R. Civ. P. 4A(b), but which does not set forth a process for enforcing such a writ outside of the State's borders. Similarly, the rule permits a court to grant attachment on an ex parte basis when the plaintiff makes a showing that there is a "clear danger that the defendant...will remove [the property] *from the state*," M.R. Civ. P. 4A(g) (emphasis added), suggesting that once the property is so removed, it is beyond the court's jurisdiction.

Even assuming the court could order the attachment of property in Rhode Island, however, the plaintiff has not met his burden. Pursuant to Maine Rule of

---

[2] In *Porrazzo v. Karofsky*, 1998 ME 182, ¶ 8, 714 A.2d 826, the Law Court held that the Superior Court "did not act outside the bounds of its discretion in limiting the attachment to Maine real estate," where the plaintiffs had also sought attachment of the defendant's interest in a Massachusetts limited partnership. In that case, the Law Court does not appear to have considered the question of whether extraterritorial attachment was itself lawful.

2

Procedure 4A(c), a plaintiff seeking a pre-judgment attachment must demonstrate that "it is more likely than not that the plaintiff will recover judgment." Here, the plaintiff claims that the defendant converted his safe. To establish a conversion claim, the plaintiff must prove (1) a property interest in the property, (2) a right to possession of the property at the time of the alleged conversion, and (3) a demand for the return of the property that was denied by the holder. *Estate of Barron v. Shapiro & Morley, LLC*, 2017 ME 51, ¶ 14, 157 A.3d 769. Based on the affidavits before the court, the status of the safe is disputed. The plaintiff claims that the defendant broke into his house and stole the safe. While the defendant does not deny that the safe contains items of personal property belonging to the defendant, she asserts that the plaintiff purchased the safe during their relationship and immediately placed it in her home of his own volition, and that she may have some legal right to the property. Because of this dispute, the court cannot make the requisite more-likely-than-not finding.

## Conclusion

The plaintiff's request for an attachment is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: ___3/29/23___

_____
Julia M. Lipez
Justice, Maine Superior Court

3